# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **GODOFREDO FAUDOA,** | § § § | |
| Plaintiff, | § § | |
| v. | § | EP-18-CV-00034-LS |
| | § § | |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION;** | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Godofredo Faudoa appeals the denial of his application for disability insurance benefits under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying benefits.

### I. Facts and Proceedings

Faudoa alleges he became disabled on June 3, 2015[1] because of high cholesterol, heart stents, heart disease, hypertension, rotator cuff surgery, colon polyps, and prostate problems.[2] Faudoa, represented by counsel, and a vocational expert ("VE") testified during a hearing before an Administrative Law Judge ("ALJ") on April 26, 2017.[3] In an opinion dated August 1, 2017, the ALJ determined that Faudoa was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied his request for review, making the decision of the ALJ the final decision of the Commissioner.[5] Faudoa argues in this appeal that the ALJ overrated his ability to

---

[1] R:157.
[2] *Id*.
[3] R:26-47.
[4] R:21.
[5] R:1-7.

work and gave insufficient weight to his doctor's opinions.

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards.[6] Substantial evidence is more than a mere scintilla, and less than a preponderance.[7] The Commissioner's findings will be upheld if supported by substantial evidence.[8]

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[9] Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[10] A court cannot, however, reweigh the evidence or try the issues *de novo*.[11] The Commissioner, not the courts, must resolve conflicts in the evidence.[12]

---

[6] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).
[7] *Masterson*, 309 F.3d at 272.
[8] *Id.*
[9] 20 C.F.R. § 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[10] *Perez*, 415 F.3d at 462.
[11] *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).
[12] *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[13] The responsibility to determine a claimant's RFC belongs to the ALJ.[14] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[15] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[16] An RFC finding is used to determine if the claimant can still do his past jobs.[17] If unable, the RFC is then used to determine whether he can do other jobs in the national economy.[18]

### C. The ALJ's Findings

In this case, the ALJ found that Faudoa's severe impairments were prostate cancer, hypertension, and obesity.[19] None, however, were severe enough to meet or equal an impairment listed in the appendix to the regulations,[20] and the ALJ found that Faudoa could still do "medium work."[21] Using vocational expert testimony, the ALJ found that Faudoa could still perform his past job as a "building maintenance repairer," and could also work as a hand packager, conveyor feeder, and dining room attendant.[22] Accordingly, she found Faudoa not disabled and not entitled

---

[13] 20 C.F.R. § 404.1545.
[14] *Id.* at § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[15] *Perez*, 415 F.3d at 461-62.
[16] *See* 20 C.F.R. § 404.1529, 404.1545.
[17] *Perez*, 415 F.3d at 462.
[18] *Id.*
[19] R:15.
[20] R:15-16.
[21] R:16 (only limitation was that Faudoa could not work at dangerous heights); "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).
[22] R:19-20.

to disability insurance benefits.[23]

### D. RFC Error

Faudoa argues that the ALJ overrated his ability to do the lifting and carrying requirements of medium work.[24] Although he testified that his left shoulder hurts when lifting things,[25] the 2014 medical records he cites provide little challenge to the RFC finding. For example, February 2014 electromyographic tests of Faudoa's left shoulder, left upper back, deltoid, biceps, and triceps "were normal in all muscles."[26] This testing occurred two days after a physician found that Faudoa's left shoulder had only a "mild limitation of [range of motion]," "no joint instability," and all shoulder muscles showed strength testing at "5/5."[27] The August 2014 medical record that Faudoa cites reflects "no major symptoms today."[28] In July 2015, Faudoa's own physician found his extremities and back all had "normal muscle strength and tone."[29] The November 2015 and February 2016 state agency medical consultant reports on which the ALJ relied[30] are consistent with the medical records cited above and support the ALJ's RFC finding.

Faudoa also provides a general list of his other medical problems,[31] but does not argue or explain how they bear on his RFC. Substantial evidence supports the ALJ's RFC determination, and I find no legal error.

### E. Giving insufficient weight to a treating physician's opinion

Faudoa also argues that the ALJ gave insufficient weight to an August 2015 pre-printed form on which Dr. Jose Ayala checked boxes indicating that Faudoa could lift less than ten

---

[23] R:2-21.
[24] R:4-5.
[25] R:38.
[26] R:220-21.
[27] R:227-28.
[28] R:282.
[29] R:231.
[30] R:19, citing R:55-56 (Betty Santiago, M.D.), and R:65-66 (Yvonne Post, D.O.).
[31] ECF No. 18, at 5.

pounds only "occasionally" or "frequently," stand or walk only two hours in an eight-hour day, sit for only six hours in an eight-hour day, and was limited when using his upper extremities to push or pull.[32] The ALJ explained that she gave little weight to these limitations because Dr. Ayala based them on unsupported findings of "uncontrolled coronary artery disease and prostate cancer."[33]

Dr. Ayala's own examinations reflect normal cardiovascular findings in August 2015,[34] July 2016,[35] and January 2017.[36] Faudoa's treating cardiologist noted in January and May of 2016 that Faudoa "remain[ed] stable without any recurrent symptoms" and was "maintaining his usual level of activity."[37] Faudoa reported to his cardiologist in December 2016 that he had some shortness of breath with exertion, but otherwise had "no current cardiac complaints."[38] In January 2017 Faudoa reported to his cardiologist only mild shortness of breath when walking up inclines.[39] Faudoa's urology records from February 2016 to January 2017 make no mention of uncontrolled prostate cancer.[40] In fact, Dr. Ayala's own January 2017 records show that Faudoa's prostate cancer was "stable" and "there is no need for further [treatment]."[41]

Ordinarily the opinion of a treating physician who is familiar with the claimant's conditions should be accorded great weight in determining disability.[42] However, good cause may permit an ALJ to discount the weight of a treating physician when the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic

---

[32] ECF No. 18, at 6, citing R:299-300.
[33] R:19, citing R:300.
[34] R:294.
[35] R:453.
[36] R:460.
[37] R:333, 375.
[38] R:409.
[39] R:419.
[40] R:427-446.
[41] R:458.
[42] *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

techniques, or is otherwise unsupported by the evidence.[43] The ALJ did not err in assigning "little weight" to Dr. Ayala's opinions because they are inconsistent with his own and other medical records. Substantial evidence supports the ALJ's decision to give his opinions little weight.

The ALJ properly considered all of the opinion and medical evidence in this case, and substantial evidence supports her decision. I find no legal error, and the decision of the Commissioner is **AFFIRMED.**

**SIGNED** and **ENTERED** October 19, 2018

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] *Id*. at 456.